UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:                                              Chapter 11
                                                    Case No. 13-23894 (RDD)
Pjetr Realty, Inc.,

                    Debtor.
-------------------------------------------------------X

## ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FILED BY RIDGEWOOD SAVINGS BANK

A petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") having been filed on November 18, 2013 by Pjetr Realty, Inc. (the "Debtor"); and Ridgewood Savings Bank ("Ridgewood"), a secured creditor herein, having filed with this Court an Amended Chapter 11 Plan of Liquidation and an Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") both dated May 27, 2014 and subsequently amended on July 10, 2014, and a Second Amended Chapter 11 Plan of Liquidation dated August 14, 2014 (the "Plan"); and

A hearing having been held on July 30, 2014 (the "Disclosure Statement Hearing") to approve the Disclosure Statement; and

By Order dated July 10, 2014 (the "Approval Order"), this Court, *inter alia*, (i) approved the Disclosure Statement as containing adequate information in accordance with section 1125 of the Bankruptcy Code, (ii) authorized the transmittal of a solicitation package (the "Solicitation Package") to all creditors entitled to vote under the Plan, (iii) fixed August 25, 2014 as the last date for receipt of Ballots[1] accepting or rejecting the Plan and for objections to confirmation of the Plan, and (iv) scheduled the hearing on confirmation of the Plan to occur on September 4,

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Plan or the Approval Order.

2014, later moved to September 11, 2014 (the "Confirmation Hearing"); and

It appearing from the affidavits of service on file with this Court that the Solicitation Package has been served in accordance with the Approval Order and the Plan as amended having been served on all creditors who received the Solicitation Package; and the Ballots of acceptances and rejections of the Plan by the holders of Claims entitled to vote having been received and tallied; and upon the certification of Ballots by Cullen and Dykman LLP ("C&D"), the Balloting Agent; and the Confirmation Hearing having been conducted on September 11, 2014; and after hearing the arguments of counsel and of any entity objecting to the Plan and any evidentiary testimony required; and upon the record of the Disclosure Statement Hearing and of the Confirmation Hearing; and due deliberation having been had, and sufficient cause appearing to me therefor; and

This Court having determined and found, after notice and a hearing, that:

A.   Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Debtor's bankruptcy case. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan;

B.   All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Disclosure Statement Hearing and the Confirmation Hearing;

2

C. The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, including, without limitation, the proper classification of Claims as permitted by section 1122 of the Bankruptcy Code;

D. Ridgewood, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code;

E. Pursuant to section 1123(a) of the Bankruptcy Code, the Plan: (i) specifies those Classes of Claims and Interests that are not impaired under the Plan, (ii) specifies the treatment of each Class of Claims and Interests that is impaired by the Plan, (iii) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest, and (iv) provides adequate means for the implementation of the Plan;

F. The Plan has been proposed in good faith and not by any means forbidden by law;

G. Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code;

H. (i) Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been disclosed to this Court; and (ii) any payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed upon or after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

I. With respect to each Class designated by the Plan, each holder of a Claim or Interest in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date;

J. The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code;

K. At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class;

L. With respect to the Claims of the kind specified in Class 1 of the Plan (Ridgewood Secured Claim), a Ballot accepting the Plan has been timely received by the only holder of Claims within this Class;

M. With respect to the Claims specified in Classes 2 and 3 and 4 of the Plan, if any, such Claims are unimpaired under the Plan and those Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code;

N. With respect to the Interests specified in Class 4 of the Plan, a Ballot rejecting the Plan has been timely received from the one Interest holder and Class 4 has therefore rejected the Plan;

O. There are no holders of any Claims or Interests that are junior to holders of any Interests in Class 4 of the Plan entitled to receive or retain any property under the Plan;

P. All of the applicable requirements of section 1129(a) and (b) of the Bankruptcy Code have been met with respect to the Plan;

Q. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor and the Court finds that the Plan is feasible pursuant to section 1129(a)(11) of the Bankruptcy Code;

R. No governmental or regulatory commission has jurisdiction over rates charged by the Debtor;

S. The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the prior orders of this Court;

T. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date, and thereafter will be paid in the ordinary course;

U. The Debtor is not obligated to pay retiree benefits and therefore section 1129(a)(13) of the Bankruptcy Code is inapplicable;

V. The Debtor is not required to pay a domestic support obligation and therefore section 1129(a)(14) of the Bankruptcy Code is inapplicable;

W. The Debtor is not an individual and therefore section 1129(a)(15) of the Bankruptcy Code is inapplicable;

X. No transfers of property are being made by a non-profit entity under the Plan and therefore section 1129(a)(16) of the Bankruptcy Code is inapplicable; and

Y. The objections to Confirmation, if any, that were not withdrawn, are overruled.

IT IS THEREFORE ORDERED THAT:

1. The findings set forth hereinabove are hereby incorporated and shall be deemed to be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2. The Plan dated August 14, 2014 be, and hereby is, approved and confirmed

pursuant to section 1129 of the Bankruptcy Code; and Ridgewood be, and hereby is, authorized to take all steps necessary to effectuate consummation of the Plan and the payments and distributions therein set forth, all in conformity with the terms of the Plan.

3. Ridgewood is hereby authorized to hire a property manager and/or auctioneer to collect rents from the tenants of the Property, pay the operating expenses associated with the Property and to market the Property for sale pursuant to the Bidding Procedures annexed to the Disclosure Statement as Exhibit "A", which Bidding Procedures are approved hereby.

4. Ridgewood is hereby authorized to select Transfer Counsel to take all steps necessary to undertake the Sale, including the execution of any documents in connection therewith on behalf of the Debtor's Estate, to the extent Debtor's counsel elects not to perform the Transfer Services.

5. The sale of the Property pursuant to the Plan shall be exempt from transfer taxes in accordance with section 1146 of the Bankruptcy Code.

6. The proceeds of the Sale shall be distributed in accordance with the Plan and Disclosure Statement.

7. **Supplemental Administrative Claim Bar Date**. **Proofs of claim or applications for payment of Administrative Claims (other than Fee Claims) arising subsequent to November 18, 2013 and before the Confirmation Date (the date of entry of this Order) must be filed with the Court and served as set forth in the Plan no later than thirty (30) days following Confirmation Date. Any Person who fails to file such a proof of claim or application with the Court within that time shall be forever barred from asserting such Administrative Claim including without limitation, against the Debtor, the Estate, the Plan Sponsor or their property or commencing or continuing any action, employment of**

process, or act to collect, offset, or recover any such Administrative Claim.

8. **Fee Claims.** All applications for payment of Fee Claims for services rendered through the Confirmation Date must be filed with the Court no later than thirty (30) days following the Confirmation Date. Any Person or entity that fails to file such an application on or before such date shall be forever barred from asserting such a Fee Claim against any of the Debtor, the Estate, the Plan Sponsor or their property and the holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such a Fee Claim.

9. **Rejection Damage Claim.** Any Claim for damages arising by reason of the rejection through the Plan of any pre-petition executory contract or unexpired lease must be filed on or before thirty (30) days following the Confirmation Date (the date of entry of this Order), and upon the failure of any entity to file such claim on or before such date, such entity shall be forever barred from asserting a claim on account of the rejection of such unexpired lease or executory contract, but shall nevertheless be bound by the provisions of the Plan. Nothing herein will extend any prior Bar Date set by prior order of the Bankruptcy Court.

10. Any objections to confirmation of the Plan that have not been withdrawn are denied and overruled in their entirety.

11. In the event of any inconsistency between: (a) the Plan, any order of this Court issued prior to the Confirmation Date, or any agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such provision of the Plan, or any such agreement, instrument, document or order of this Court issued prior to the

7

Confirmation Date.

12. The terms and provision of the Plan are incorporated into this Confirmation Order by reference thereto as if each term and provision was set forth herein as the findings, determinations and ordered provisions of this Order, and the failure to specifically include any particular term or provision in this Confirmation Order shall not diminish or impair the force or effect of such term or provision of the Plan.

13. This Court hereby retains jurisdiction for the purposes provided for in the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, and for any purpose for which this Court previously retained jurisdiction by any prior order of this Court.

14. All fees owing to the Office of the Clerk of the Bankruptcy Court must be paid in full by the Debtor within ten (10) days hereof.

15. All fees due and payable under 28 U.S.C. § 1930 shall be paid by the Debtor on or before the Effective Date of the Plan. Until the final decree is entered in this case, the Debtor shall continue to make its U.S. Trustee quarterly fee payments.

Dated: White Plains, New York
September __, 2014

_____
Robert D. Drain
United States Bankruptcy Judge